UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL HUDSON,

     Petitioner,

v.                                   Civil Action No. 2:12-cv-13719
                                         Honorable Lawrence P. Zatkoff

JAMES J. WALTON,

     Respondent.
_____/

## OPINION AND ORDER DISMISSING
## CASE FOR FAILURE TO CORRECT DEFICIENCY

The Court has before it Petitioner Michael Hudson's *pro se* Petition for a Writ of Habeas Corpus filed under 28 U.S.C. § 2241.  Petitioner filed his Habeas Petition on August 22, 2012, alleging that he is incarcerated in violation of his constitutional rights.  Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution in Milan, Michigan, where he is serving a sentence of 151 months with three years supervision, after pleading guilty to cocaine distribution and felon in possession of a firearm in the United States District Court for the Eastern District of Wisconsin on February 2, 2004.  The United States Court of Appeals for the Seventh Circuit affirmed his convictions and sentences. *United States v. Hudson*, 143 F. App'x 695 (7th Cir. 2005), *aff'd after remand*, 162 F. App'x 633 (7th Cir. 2006).  Pursuant to the Bureau of Prison's website, Petitioner's projected release date is April 10, 2015.


When Petitioner filed the pending Habeas Petition, he neither paid the required filing

fee for this action nor submitted a proper Application to Proceed *In Forma Pauperis*. Consequently, on August 23, 2012, the Court ordered a Deficiency Order, requiring Petitioner to either submit the required filing fee or a properly completed Application to Proceed *In Forma Pauperis*. Order to Correct Deficiency, ECF No. 3. The Court further stated that failure to do so within twenty-one days of the Court's Order would result in dismissal of his case. *Id.*

Subsequently, on September 18, 2012, Petitioner filed a "Motion to Extend of Time to Pay the Filing Fee and Correct the Deficiency," in which he requested that the Court extend the time for correcting the deficiency. See ECF No. 5. The Court granted the Motion and gave Petitioner an additional twenty-one days in which to correct his deficiency, or until October 17, 2012. Order Granting Mot. to Extend Time, ECF No. 6. The time for submitting the filing fee or the required information has elapsed and Petitioner has failed to comply with the Court's Order.

If a prisoner who seeks habeas corpus relief does not comply with a district court's directions in a deficiency order regarding the prisoner's failure to pay the full filing fee and his failure to provide the required documentation to apply to proceed *in forma pauperis*, "the district court must presume that the prisoner is not a pauper, assess the full filing fee, and dismiss the case for want of prosecution." *See Gravitt v. Tyszkiewicz*, 14 F. App'x 348, 349 (6th Cir. 2001) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997)). The Deficiency Order clearly stated that Petitioner was required to submit either the $ 5.00 filing fee or an Application to Proceed *In Forma Pauperis*. The Deficiency Order also expressly

2

warned Petitioner that failure to comply with the Order could result in the dismissal of his action.  Therefore, because Petitioner failed to pay the filing fee or submit the required Application to Proceed *In Forma Pauperis*, his Habeas Petition is subject to dismissal for want of prosecution.

Accordingly, the Court DISMISSES WITHOUT PREJUDICE the Petition for a Writ of Habeas Corpus.  Pet'r's Pet. for Writ of Habeas Corpus, ECF No. 1.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

DATED: October 29, 2012

3