UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL HUDSON,

    Petitioner,

v.                                                                             Civil Action No. 2:12-cv-13719
                                                                               Honorable Lawrence P. Zatkoff
JAMES J. WALTON,

    Respondent.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This 28 U.S.C. § 2241 matter is before the Court because Petitioner Michael Hudson filed a "Motion for Reconsideration" [ECF No. 9], with respect to the Court's Order dismissing his habeas case for failure to correct a deficiency. See ECF No. 7. For the reasons stated, the Court will deny the Motion.

On August 22, 2012, Petitioner, a federal prisoner currently incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a Habeas Petition, alleging that he is being incarcerated in violation of his constitutional rights. Petitioner is serving a sentence of 151 months with three years supervision, after pleading guilty to cocaine distribution and felon in possession of a firearm in the United States District Court in the Eastern District of Wisconsin on February 2, 2004. The United States Court of Appeals for the Seventh Circuit affirmed his convictions and sentences. *United States v. Hudson*, 143 F. App'x 695 (7th Cir. 2005), *aff'd after remand*, 162 F. App'x 633 (7th Cir. 2006). Pursuant to the Bureau of Prison's website, Petitioner's projected release date is April 10, 2015.

When Petitioner filed his Habeas Petition, he neither paid the required filing fee for the action nor submitted a proper Application to Proceed *In Forma Pauperis*. Consequently, on August 23, 2012, the Court ordered a Deficiency Order, requiring him to either submit the required filing fee or a properly completed Application. Order to Correct Deficiency, ECF No. 3. The Court further stated that failure to do so within twenty-one days of its Order would result in dismissal of his case. *Id.*

Subsequently, on September 18, 2012, Petitioner filed a "Motion to Extend of (sic) Time to Pay the Filing Fee and Correct the Deficiency," in which he requested that the Court extend the time for correcting the deficiency. See ECF No. 5. The Court granted the Motion and gave Petitioner an additional twenty-one days in which to correct his deficiency, or until October 17, 2012. Order Granting Mot. to Extend Time, ECF No. 6. Because Petitioner did not comply with the Court's Order, on October 29, 2012, the Court dismissed his Habeas Petition without prejudice. Order Dismissing Case, ECF No. 7.

Now, Petitioner has filed a Motion for Reconsideration, pursuant to Federal Rule of Civil Procedure 59, requesting that the Court reconsider its Order because he corrected the deficiency; Petitioner has submitted documentation, an inmate statement, to support his position. The statement shows that Petitioner withdrew the necessary fee two times, once on September 24, 2012, and again on October 24, 2012. However, upon discussing the matter with the Clerk's Office, there is nothing noted in the system indicating that he did in fact pay the necessary fee or submit the proper Application to Proceed *In Forma Pauperis*. Thus, the Court adheres to its decision; Petitioner's Habeas Petition is dismissed without

prejudice for failure to correct the deficiency.

    Accordingly, Petitioner's Motion for Reconsideration is DENIED.

    IT IS SO ORDERED.

                                            S/Lawrence P. Zatkoff
                                            LAWRENCE P. ZATKOFF
                                            UNITED STATES DISTRICT JUDGE

DATED: December 20, 2012